# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER CARMAN, individually, and on behalf of all others similarly situated,** | |
| **Plaintiff,** | Case No. |
| v. | |
| **MASSADA UTILITY CONTRACTORS, LLC,** | |
| **Defendant.** | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Christopher Carman, individually and on behalf of all other similarly situated current and former employees of Massada Utility Contractors, LLC, brings this putative collective and class action and alleges as follows:

### OVERVIEW

1. Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Missouri Minimum Wage Law ("MMWL"), R.S. Mo. §290.500, *et seq.*, to recover unpaid overtime compensation, liquidated damages and attorney fees. Plaintiff brings these claims individually and as a collective and class action on behalf of himself and all current or former day-rate worker who were employed by Defendant in the state of Missouri and who were not paid overtime at 1.5 times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

## PARTIES

2. Plaintiff Christopher Carman is a major individual domiciled in the City of Springfield, State of Missouri, who was employed by Defendant in Missouri as a laborer off-and-on from November 2020 to February 2022. Plaintiff's Consent to be a party plaintiff pursuant to 29 U.S.C. § 216(b) is attached as Exhibit 1.

3. Defendant Massada Utility Contractors, LLC is a Missouri limited liability company with its principal place of business located at 3221 S. Scenic Avenue, Springfield, Missouri 65807.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiff's claims arise under § 207(a) of the FLSA. Additionally, this Court has personal jurisdiction over Defendant, as Defendant conducts business in the Western District of Missouri. Missouri law authorizes court actions by private parties to recover damages for violation of the MMWL, R.S. Mo. § 290.527. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as Defendant is domiciled within this District and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise the claims occurred in this District.

## FACTUAL ALLEGATIONS

6. Defendant employed Plaintiff and all similarly situated individuals to install and maintenance utility lines in the state of Missouri.

7. Defendant suffered and permitted Plaintiff and the members of the FLSA Collective and Class (as defined below) to work more than forty (40) hours in a workweek.

8. Plaintiff and the Collective and Class Members were paid a day-rate without overtime premiums for hours worked over forty (40) in a workweek.

9. Defendant issued paystubs to Plaintiff and the FLSA Collective and Class members that showed eight (8) hours worked per day despite employees routinely working ten (10) hours a day.

10. For example, for the pay period of November 14, 2020 to November 20, 2020, Plaintiff's paystub reflects forty (40) hours of work when in fact, he worked approximately fifty (50) hours during the workweek. Plaintiff was not paid an overtime premium for the hours worked in excess of forty (40) during the workweek.

11. Neither Plaintiff nor the FLSA Collective and the Class members were compensated in accordance with the FLSA or the MMWL because they were not paid proper overtime wages for all hours worked in excess of forty (40) hours in a workweek for all weeks within the respective collective and class periods.

12. Plaintiff is aware of other current and former employees of Defendant who were subject to the same payroll practice.

**COLLECTIVE AND CLASS DEFINITIONS**

13. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

14. Plaintiff files this action on behalf of himself and all similarly situated individuals pursuant to 29 U.S.C. § 216(b). The proposed FLSA Collective is defined as follows:

> All current or former day-rate employees who worked for Massada Utility Contractors, LLC at any time since three (3) years prior to filing this Complaint. (Collective Members)

15. Plaintiff, further brings this action under Fed. R. Civ. P. 23 on behalf of the following Class for violations under the MMWL:

> All current or former day-rate employees who worked for Massada Utility Contractors, LLC at any time since three (3) years prior to filing this Complaint. (Class Members)

## COVERAGE UNDER THE FLSA

16. At all relevant times, Defendant is and has been an employer within the meaning of 29 U.S.C. §203(d).

17. At all relevant times, Defendant is and has been an enterprise within the meaning of 29 U.S.C. §203(r).

18. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

19. Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

20. At all relevant times, Plaintiff and the Collective Members are and/or were employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

21. Defendant, Plaintiff and the Collective Members used cell phones, computers, materials, supplies and equipment that were manufactured in or purchased and shipped from states other than Missouri, accepted checks, credit cards, electronic payments and processed other transactions through interstate banks and financial institutions, all of which constitutes interstate commerce.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22. Defendant's practice and policy of not paying overtime affects Plaintiff and the Collective Members similarly and is a willful violation of the FLSA.

23. The Collective Members are all victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

24. Defendant's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the Collective Members are similarly situated.

25. Plaintiff and the Collective Members all have the same basic job duties and descriptions and perform the same general duties that are relevant for determining whether they are similarly situated as well as their eligibility for overtime under the FLSA.

26. Plaintiff and the Collective Members are all non-exempt from the overtime requirements of the FLSA and are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at their correct overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

27. Whether Defendant violated the FLSA by failing to pay Plaintiff and the Collective Members overtime is a threshold legal issue which can be determined using representative testimony in a collective action.

28. Plaintiff and the Collective Members are entitled to recover their unpaid overtime compensation, liquidated damages, attorneys' fees, costs and interest.

## CLASS ALLEGAITONS

29. Defendant knowingly, willfully, or in reckless disregard of the MMWL, maintained an illegal practice of failing to pay Plaintiff and the Class Members proper overtime compensation for all hours worked over forty (40) for workweeks within the class period.

30. The MMWL state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated individuals who do not opt-out of the Class.

31. Plaintiff shares the same interests as the Class Members and will be entitled under the MMWL to unpaid overtime compensation, attorneys' fees and costs and lost interest owed to them under nearly identical factual and legal standards as the putative Class.

32. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action under Fed. R. Civ. P. 23.

33. The Class meets the numerosity requirement of Rule 23(a)(1) because Defendant has employed over fifty (50) similarly situated workers during the class period in the state of Missouri while subjecting them to working over forty (40) hours in a workweek without being paid overtime wages. The precise number of Class members should be readily available from Defendant's personnel, scheduling, time, payroll, and sales records.

34. The Class meets the commonality requirement of Rule 23(a)(2) because Defendant engaged in a common course of conduct that violated the legal rights of Plaintiff and the Class Members. Any individual questions that Plaintiff's claims present will be far less central to this litigation than the numerous material questions of law and fact common to the Class, including, but not limited to:

    a. Whether Defendant maintained common overtime policies or practices job applicable to all Class Members;

6

b. Whether Missouri state law requires Defendant to pay overtime wages to Plaintiff and the Class Members; and

c. Whether Defendant should be required to pay compensatory damages, attorneys' fees and costs, and interest for violating Missouri state law.

35. The Class meets the typicality requirement of Rule 23(a)(3) because Plaintiff and the Class Members were all employed by Defendant performing the same job duties without receiving overtime compensation in accordance with Defendant's companywide payroll policy.

36. The Class meets the fair and adequate protection requirement of Rule 23(a)(4) because there is no conflict of interest between Plaintiff and the Class Members, and because Plaintiff's counsel have successfully prosecuted many complex class actions, including wage and hour class and collective actions, and will adequately represent the interest of the Class Members.

37. The Class meets the predominance requirement of Rule 23(b)(3) because issues common to the Class predominate over any questions affecting only individual members, including, but not limited to, whether Defendant denied the Class Members overtime compensation under the same companywide pay policy.

38. The Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

39. Given the material similarity of the Class Members' claims, even if each Class Member could afford to litigate a separate claim, this Court should not countenance or require the filings of numerous identical actions. Individual litigation of the legal and factual issues raised by

7

Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and constitute an extreme waste of resources. Alternatively, proceeding by way of a class action would permit the efficient supervision of the Class claims, create significant economies of scale for the Court and parties, and result in a binding, uniform adjudication on all issues.

40. This class action can be efficiently and effectively managed by sending the same FLSA opt-in notice to all Collective and Class Members and adding a separate opt-out notice pertaining to their rights under Missouri law.

## COUNT ONE

### FAIR LABOR STANDARDS ACT—OVERTIME WAGES

41. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

42. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) hours per workweek.

43. 29 CFR 778.112 requires employers like Defendant to pay nonexempt day rate workers like Plaintiff and the Collective members overtime for all hours worked over forty (40) in a workweek by dividing a worker's total pay by all hours actually worked to determine the regular rate, and pay extra half time pay at this rate for all hours worked over forty (40).

44. Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours in a workweek during the collective period without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

45. Defendant knew, or showed reckless disregard for the fact that it failed to pay the Collective Members proper overtime compensation in violation of the FLSA.

46. Defendant's failure to comply with the FLSA overtime protections caused Plaintiff and the Collective Members to suffer lost overtime wages and interest thereon.

47. Plaintiff and the Collective Members are entitled to unpaid overtime, liquidated damages, and attorneys' fees and costs under the FLSA.

**COUNT TWO**

**VIOLATION OF THE MMWL — FAILURE TO PAY OVERTIME WAGES**

48. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Plaintiff and the Class Members are entitled to the rights, protection, and benefits provided under the MMWL, R.S. Mo. §290.500, *et seq.*

50. Defendant was or is the "employer" of Plaintiff and the Class Members within the meaning of the MMWL. The MMWL regulates, among other things the payment of overtime wages by employers subject to limited exemptions not applicable herein. R.S. Mo. § 290.500(3); R.S. Mo. §290.505.1.

51. Defendant was or is the "employer" of Plaintiff and the Class within the meaning of the MMWL. R.S. Mo. §290.500(3).

52. Under the MMWL, employees are entitled to be compensated at a rate of not less than one and one-half times their regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek during the class period. R.S. Mo. §290.505.1.

53. Defendant's policy and practice violated the MMWL because Defendant failed to pay Plaintiff and the Class Members their overtime wages. This unlawful, employer compensation policy has been and is currently applied to all Class Members.

54. Under the MMWL, Plaintiff and all Class Members are entitled to damages equal to all unpaid overtime wages due within two (2) years preceding the filing of this Complaint plus periods of equitable tolling along with an additional equal amount as liquidated damages. R.S. Mo. §290.527.

55. Plaintiff and the Class Members are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

56. Defendant is liable under R.S. Mo. §290.527 for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

2. Certifying this case as a class action in accordance with Fed. R. Civ. P. 23 with respect to the MMWL claims set forth herein and appointing Plaintiff as the Class representative and Plaintiff's counsel as Class counsel;

3. Judgment that Plaintiff and those similarly situated are entitled to the overtime protections under the FLSA;

3. Order Defendant to disclose in computer format, or in print if no computer format is available, the name and addresses of all those individuals who are similarly situated, and permitting Plaintiff to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under this litigation;

4. Judgment against Defendant for violation of the overtime provisions of the FLSA and MMWL;

5. Judgment that Defendant's violations of the FLSA and the MMWL were willful;

5. An award to Plaintiff and the Collective and Class Members for unpaid overtime wages and liquidated damages;

6. An award of pre-judgment and post-judgment interest;

7. An award of reasonable attorneys' fees and costs;

8. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

9. For such further relief as may be necessary and appropriate.

                Respectfully Submitted:

                */s/ George A. Hanson*
                George A. Hanson, MO Bar #43450
                Caleb Wagner, MO Bar #68458
                STUEVE SIEGEL HANSON LLP
                460 Nichols Road, Suite 200
                Kansas City, MO 64112
                Telephone: (816) 714-7115
                Facsimile: (816) 714-7101
                hanson@stuevesiegel.com

                Philip Bohrer (*pro hac vice* to be filed)
                Scott E. Brady (*pro hac vice* to be filed)
                BOHRER BRADY, LLC
                8712 Jefferson Highway, Suite B
                Baton Rouge, Louisiana 70809
                Telephone: (225) 925-5297
                Facsimile: (225) 231-7000
                phil@bohrerbrady.com
                scott@bohrerbrady.com

                **ATTORNEYS FOR PLAINTIFF,**
                **THE FLSA COLLECTIVE AND CLASS**